IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

```
UNITED STATES OF AMERICA,    )
                             )
            Plaintiff,       )     8:13CR420
                             )
      v.                     )
                             )
CHRISTOPHER D. BRACKETT,     )     ORDER
                             )
            Defendant.       )
_____)
```

      This matter is before the Court on defendant's motion to have the Court reconsider the motion to suppress (Filing No. 25) and motion to have a mid-trial *Frank's* hearing. The Court will deny the defendant's motions.

      The Court has previously addressed the defendant's motion to suppress (Filing No. 77 and Filing No. 80). Defense counsel moved the Court during trial to reconsider the motion to suppress in regard to the sufficiency of the affidavit issue. The sufficiency of the affidavit has been previously addressed in the Findings and Recommendation (Filing No. 77). The Court will not reconsider the defendant's motion to suppress at this time.

      The defendant moves this Court for a mid-trial *Franks* hearing after the testimony of both Michael Gunias and Roy Howell. In *Franks v. Delaware*, the Supreme Court of the United States held that:

> where a defendant makes a
> substantial preliminary showing
> that a false statement knowingly
> and intentionally, or with reckless
> disregard for the truth, was
> included by the affiant in the
> warrant affidavit, and if the
> allegedly false statement is
> necessary to the finding of
> probable cause, the Fourth
> Amendment requires that a hearing
> be held at the defendant's request.

438 U.S. 154, 155-56, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978).  To be entitled to a hearing, "the challenger's attack must be more than conclusory and must be supported by more than a mere desire to cross-examine.  There must be allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof."  *Id.* at 171.  "Allegation of negligence or innocent mistake are insufficient."  *Id.*

The Eighth Circuit has recognized "that the substantiality requirement for a *Franks* hearing is not lightly met."  *U.S. v. Crook*, 936 F.2d 1012, 1014 (8th Cir. 1991)(citing *U.S. v. Wajda*, 810 F.2d 754, 759 (8th Cir. 1987)). "Even where defendants have clearly identified the allegedly false portions of the warrant affidavit and provided affidavits as to their falsity, this court has upheld the denial of a *Franks* hearing where the defendant has failed to offer proof of the affiant's

recklessness or deliberate falsehood." *Id*.  In this case, the defendant has failed to prove recklessness or deliberate falsehood.  Therefore, the Court will deny the defendant's motion for a *Franks* hearing.  Accordingly,

IT IS ORDERED that the defendant's motions are denied.

DATED this 23rd day of January, 2015.

BY THE COURT:

/s/ Lyle E. Strom

_____
LYLE E. STROM, Senior Judge
United States District Court